UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS MCDONALD, ET AL.                    CIVIL ACTION

VERSUS                                     NO: 08-3501

HUMMINGBIRD AVIATION, LLC, ET              SECTION: R(5)
AL.

## ORDER AND REASONS

Before the Court is plaintiffs' Motion in Limine to exclude defendants from producing any witnesses or evidence in this matter. For the following reasons, the Court DENIES the motion.

Plaintiffs move the Court to strike defendants' witness and exhibit lists because defendants failed to file them by the deadline established by the Court's scheduling order. (R. Doc. 5). The Court's scheduling order instructed the parties to file in the record and serve upon their opponents witness and exhibit lists by April 6, 2009. (R. Doc. 5). The scheduling order further provides that:

> The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has

been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

(R. Doc. 5). Defendants did not produce these lists until they moved for leave to respond to plaintiffs' motion in limine on April 22, 2009. (R. Doc. 26). Trial is scheduled for June 15, 2009. (R. Doc. 5).

A court has "broad discretion" to enforce its scheduling order. *See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). Federal Rule of Civil Procedure 16(f) specifically authorizes the Court to sanction a party's failure to comply with its scheduling order. The Fifth Circuit has provided four factors that a court should consider in determining whether to exclude evidence because of a failure to comply with a scheduling order: (1) a party's explanation for its failure to timely identify its witnesses and exhibits; (2) the importance of the proposed evidence; (3) potential prejudice in allowing the admission of the exhibits and/or testimony; and (4) the availability of a continuance to cure such prejudice. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)).

Here, although defendants have failed to offer any explanation for failure to adhere to the Court's scheduling

2

order, the Court finds that it would be excessive to strike all of defendants' exhibits and witnesses.  Defendants filed in the record proposed witness and exhibit lists 16 days after the deadline in the scheduling order. (R. Doc. 26-5).  The witness list includes two witnesses and the exhibit list includes four exhibits. (R. Doc. 26-5).  Given the brevity of the lists, the Court finds that plaintiffs will likely incur no prejudice from the delay.  Accordingly, the Court DENIES plaintiffs' motion.

New Orleans, Louisiana, this 30th day of June, 2009

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE