UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

THOMAS MCDONALD, ET AL.                      CIVIL ACTION

VERSUS                                        NO: 08-3501

HUMMINGBIRD AVIATION, LLC, ET                 SECTION: R(5)
AL.

**ORDER AND REASONS**

Before the Court is plaintiffs' Motion to Enforce Settlement, (R. Doc. 39), and Douglas D. Brown's motion to withdraw as attorney of record for defendants. (R. Doc. 43). For the following reasons, the Court DENIES plaintiffs' motion.

**I.   Background**

This case arises out of an employment contract dispute. Defendant Charles Priestley, a Louisiana resident, is the president and manager of defendant Hummingbird Aviation, LLC, a company that provides helicopter services. On October 1, 2007, the federal government, through US TRANSCOM Command Acquisition,

awarded Hummingbird a contract to provide helicopter services in Afghanistan. To help it fulfill this contract, Hummingbird extended offers of employment to plaintiffs Thomas McDonald and Richard Ladner in October 2007, and plaintiffs accepted the offers. McDonald was hired for the position of Sikorsky SK-61N Air crew, at a salary of $110,000, and Ladner was hired for the position of Sikorsky SK-61N Loader, at a salary of $85,000. Plaintiffs allege that they entered into an employment contract for a 12-month term with the option to extend. They both moved to Afghanistan and began work for Hummingbird.

Plaintiffs allege that after they began employment, at the risk of losing their pay, they were induced into signing a subsequent "Employment Agreement" with Hummingbird. Ladner alleges that he signed the agreement on January 16, 2008, and McDonald alleges he signed the agreement on February 14, 2008. Shortly thereafter, the United States government terminated its contract with Hummingbird for cause. As a result, on February 29, 2008, both plaintiffs were discharged from employment.

On May 21, 2008, plaintiffs sued Hummingbird, as their employer, and Priestly, as Hummingbird's president and agent, in federal court under diversity jurisdiction. Plaintiffs asserted claims for breach of contract and violation of Louisiana Revised

2

Statute 23:631.[1]  Plaintiffs also sought damages for all unpaid wages under the employment contracts, penalty wages, and attorneys' fees.  Just before the final pre-trial conference, the parties allegedly entered into an oral settlement agreement.  (R. Doc. 39).  Consequently, and at the parties' request, the Court entered a conditional order of dismissal stating that the action be "dismissed as to all parties, without costs and without prejudice to the right, upon good cause shown, within sixty days, to reopen the action if settlement is not consummated."  (R. Doc. 35).  On August 10, 2009, plaintiffs, concerned that defendants would not comply with the settlement agreement, moved the Court to extend its sixty day deadline.  (R. Doc. 37).  The Court extended its sixty day deadline until September 11, 2009.  (R. Doc. 38).  Then, on September 9, 2009 plaintiffs filed this motion for settlement enforcement. (R. Doc. 39).  Defendants, in opposition, contend that the parties have yet to agree on the terms of a final settlement agreement, and thus enforcement is not appropriate at this time.  (R. Doc. 42).

---

[1] Section 631 generally provides that upon discharge or resignation of employees, the employer shall "pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first." § 631(A)(1)(a).

**II. Discussion**

Federal courts are courts of limited jurisdiction and possess power only over those cases authorized by the United States Constitution and federal statutes. Both the Supreme Court and the Fifth Circuit have both explicitly held that there is no provision of law that provides federal courts with jurisdiction over disputes arising out of agreements that produce stipulations of dismissal. In *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375 (1994), the Supreme Court held that, unlike the reopening of an action, "[e]nforcement of the settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Id*. at 378. A district court may retain jurisdiction over the enforcement of the settlement agreement by incorporating the agreement into its dismissal order, or by retaining jurisdiction over the settlement contract. *Id*. at 381-82; *see also Langley v. Jackson State Univ.*, 14 F.3d 1070, 1074 (5th Cir. 1994). If the court does not do so, "enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Kokkonen*, 511 U.S. at 382.

There is no question that the Court did not incorporate the settlement agreement into its dismissal order. The Court

dismissed the case after being informed that the parties had reached an agreement, but the "judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Id*. at 381.  Furthermore, in the Fifth Circuit, "to make a settlement agreement part of a dismissal, *Kokkonen* requires a district court to clearly indicate its intention within the dismissal order itself by expressly incorporating the agreement's terms." *Hospitality House v. Gilbert*, 298 F.3d 424, 431 (5th Cir. 2002).  The Court's Order contains no such express statement.

The Court also did not retain jurisdiction over the settlement contract.  The Order dismissed the case "without prejudice to the right, upon good cause shown, within sixty days, *to reopen the action* if settlement is not consummated."  (R. Doc. 110 (emphasis added).)  At no point did the Court indicate that it intended to retain jurisdiction over the enforcement of the settlement contract.  Reopening a case and enforcing a settlement agreement are separate and mutually independent procedures.  *See Kokkonen*, 511 U.S. at 378 ("It must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal.").

*Kokkonen* states that, when a court does not retain jurisdiction or incorporate the settlement agreement in its dismissal order, "enforcement of the settlement agreement is for state courts, *unless there is some independent basis for federal jurisdiction*." *Kokkonen*, 511 U.S. at 382 (emphasis added). Plaintiffs bear the burden of establishing jurisdiction, *see id.* at 377, and although the parties are diverse, plaintiffs have not demonstrated that the amount in controversy over the settlement agreement meets or exceeds the statutory minimum. *See* 28 U.S.C. § 1332(a). Plaintiffs have made no arguments that the requirement is met. Moreover, as described in plaintiffs' motion to enforce, the settlement terms do not amount to the $75,000 statutory minimum. (R. Doc. 38); *see 4:20 Commc'ns, Inc. v. Paradigm Co.*, 336 F.3d 775, 779 (8th Cir. 2003) (reversing district court's acceptance of jurisdiction over of settlement agreement when moving party did not demonstrate that the amount-in-controversy requirement was satisfied).

The Order of dismissal neither expressly retained jurisdiction over the enforcement the settlement agreement nor incorporated the terms of the settlement, and plaintiffs have not pointed to any other independent basis for jurisdiction. The Court therefore lacks subject matter jurisdiction over the enforcement of the agreement. *See Hospitality House*, 298 F.3d at

433-34 n. 11 (indicating that rule would apply to a dismissal without prejudice). Accordingly, plaintiffs' request that the Court order compliance with the agreement is DENIED.

## III. Conclusion

For the foregoing reasons, the Court DENIES plaintiffs' motion to enforce settlement. The Court further Orders the deadline for parties to file, upon good cause shown, a motion to reopen the action if settlement is not consummated, extended until November 30, 2009. In the interim, this case remains closed. Accordingly, the Court does not have jurisdiction to hear Douglas D. Brown's motion to withdraw. (R. Doc. 43). If either party moves the Court to reopen before November 30, 2009 and the Court deems it appropriate to do so, the Court will hear Brown's motion at that time.

New Orleans, Louisiana, this __10th__ day of November, 2009

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE